CHRIS COSCA (SBN 144546)
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
(916) 440-1010

Attorney for Defendant
DENNIS KILLOUGH, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-cr-00110 KJM |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR BAIL REVIEW |
| vs. | Date: July 14, 2022 |
| DENNIS KILLOUGH, JR., | Time: 2:00 p.m. Courtroom: 26 |
| Defendant. | Honorable Allison Claire |

   PLEASE TAKE NOTICE that on July 14, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, defendant DENNIS KILLOUGH, JR., by and through counsel, will move and does hereby move this court for an order granting his request for pretrial release on a combination of conditions. A detention hearing was previously held, and Mr. Killough was ordered detained. Circumstances have since changed. Now, third-party custodians, unsecured bonds, and other appropriate conditions are available.

   This motion will be based upon this notice, the attached memorandum of points and authorities, the documents and any exhibits filed herein, and upon any such evidence, testimony and argument which may be presented at the hearing on this motion.

///

///

///

USA v. KILLOUGH- Motion for Bail Review   1

1 | DATED: July 6, 2022                      Respectfully submitted,

/S/ Chris Cosca
CHRIS COSCA
Attorney for Defendant
DENNIS KILLOUGH, JR.

CHRIS COSCA (SBN 144546)
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
(916) 440-1010

Attorney for Defendant
DENNIS KILLOUGH, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-cr-00110 KJM |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BAIL REVIEW |
| vs. | |
| DENNIS KILLOUGH, JR., | |
| Defendant. | |

## I. **INTRODUCTION**

Mr. Killough seeks reconsideration of the court's decision to deny pretrial release. The detention order was issued without prejudice. At the previous detention hearing, adequate sureties were unavailable. Now, Mr. Killough offers sureties and several conditions of release that will reasonably assure his appearance in future court proceedings and provide a necessary level of safety to the community. Connor Roman, Mr. Killough's stepson, is willing to serve as a third-party custodian and provide an unsecured bond. He has no criminal history and is employed full time. He and Mr. Killough live in the same home and work together at the same shop. They carpool together. As he would have eyes on Mr. Killough almost 24/7, Mr. Roman would make an excellent third-party custodian.

Similarly, if needed, Mr. Killough's wife, Shayna Loncaric, is willing to serve as a co-third-party custodian and sign an unsecured bond. Ms. Loncaric is stable, responsible, employed, and willing to pledge substantial resources to assure Mr. Killough complies with pretrial release conditions. In 2011, she started her own business, Ruby's Housecleaning. Since then, the

USA v. KILLOUGH- Motion for Bail Review   3

business thrived, she took on employees, and now makes approximately $6,000.00/month.

In addition, Mr. Killough has already demonstrated his desire and willingness to show up in court for these proceedings. The instant case was initially filed in Solano County, California. Mr. Killough retained counsel, made all court appearances, and even appeared when he knew law enforcement was waiting to arrest him for this case.

Finally, Mr. Killough's recent past shows conduct and character in stark contrast to his earlier criminal history. He is alcohol and drug free. By those who know him best, he is now described as trustworthy, reliable, honest, hardworking, helpful, and a dedicated family man, Mr. Killough is also willing to participate in alcohol and drug treatment programs, electronic monitoring, and anything else the court deems appropriate. Accordingly, a combination of conditions can be fashioned to assure future appearances and the safety of the community.

## II. AUTHORITY

Pursuant to 18 U.S.C. § 3142(f), a bail hearing "May be reopened…at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. Pretrial detention of a criminal defendant is only appropriate where a judicial officer "finds that no condition or combination of conditions [pertaining to release] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.§ 3142(e).

In determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of the community, the judicial officer shall consider four factors at a pretrial detention hearing. (18 U.S.C. § 3142(g).) These factors are (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. (Id.) The second factor, "weight of the evidence," is the least important of those factors. (*United States v. Cardenas*, 784 F.2d 937 (9th Cir. 1986); *United States v. Birges*, 523 F.Supp.

468, 470.)

## III. ARGUMENT

Mr. Killough is charged by indictment with Felon in Possession of a Firearm. Although his criminal history is lengthy, the last conviction was in 2014. Drug and alcohol addiction clearly played a significant role in this conduct. He is a different man today. An addict earlier in his life, he now celebrates approximately eight years of sobriety. According to Robert Williams, Vice President of Vaca Valley Alano Club and Mr. Killough's sponsor for four years, Mr. Killough is accountable to his sobriety, hardworking, and trustworthy. (See letter from Robert Williams attached hereto as Exhibit A.) Likewise, a fellow AA attendee, Kevin Carella, describes Mr. Killough as polite, respectful, hardworking, and a dedicated man always planning to better the lives of his family. (See letter from Kevin Carella attached hereto as Exhibit B.)

Mr. Killough's neighbors also attest to his good character. Matthew Hopkins, a retired Deputy Sheriff, describes positive interactions with Mr. Killough including volunteering demanding work and helping an elderly neighbor move a heavy item. (See letter from Matthew Hopkins attached hereto as Exhibit C.) Similarly, neighbor Mike Helfgott gives examples of Mr. Killough's respectful behavior, helping seniors and teaching his boys to avoid his past mistakes. (See letter from Mike Helfgott attached hereto as Exhibit D.)

In addition, Mr. Killough is gainfully employed with Jerry Thompson and Sons, Inc. According to his employer's superintendent, he is reliable, trustworthy, and an asset to the company. (See letter from Chris Gaidano attached hereto as Exhibit D.)

As the court can see, Mr. Killough is not now the same person as his criminal history may initially indicate. He has learned from his mistakes and taken action to make things better, for himself and his family. He bought a house and goes to work dutifully to help support his family. If released, that is what he will continue to do- all under the watchful eyes of pretrial services and third-party custodians.

Moreover, Mr. Killough is not a flight risk. As shown by the Declaration of Barry Newman, faced with the same charges in State Court, Mr. Killough made all court appearances. He was never late for court. He even came to court when it was clear law enforcement would be

waiting to arrest him in this case. (See Declaration of Attorney Barry Newman attached hereto as Exhibit E.)

At the initial detention hearing, no adequate sureties were available. Now, Mr. Killough's stepson and wife are willing to serve as third-party custodians and sign unsecured bonds. Connor Roman would be an excellent third-party custodian as he lives and works with Mr. Killough; Mr. Killough's wife would add additional assurances as a co-third-party custodian. They are both responsible and hard working.

If released, Mr. Killough will reside in his home with his wife, Daniel (16-year-old son), Connor Roman (stepson), and Lily (Connor's fiancé). He will conduct himself properly if released and follow any conditions the court may impose.

### IV. CONCLUSION

In order to detain a defendant, the court must be satisfied that "no combination of conditions" of release will reasonably assure his appearance. (18 U.S.C § 3142(e).) Here, third-party custodian and unsecured bonds will adequately assure Mr. Killough's appearance. He is willing to accept any additional condition of release if deemed appropriate. Accordingly, Mr. Killough respectfully requests that the court order his release with appropriate conditions.

DATED: July 6, 2022                            Respectfully submitted,

                                               /S/ Chris Cosca
                                               CHRIS COSCA
                                               Attorney for Defendant
                                               DENNIS KILLOUGH, JR.

USA v. KILLOUGH- Motion for Bail Review   6